IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ELTON HARPER, JR.**                                                                                      **PETITIONER**

**V.**                                                                                                               **NO. 4:22-CV-17-DMB-DAS**

**CIRCUIT COURT OF**
**WASHINGTON COUNTY**                                                         **RESPONDENT**

**OPINION AND ORDER**

After Elton Harper, Jr. filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions for armed robbery and attempted murder, the State of Mississippi moved to dismiss the petition as untimely, among other reasons. Because the Court finds that the petition was filed after the limitations period expired and that Harper is not entitled to statutory or equitable tolling, dismissal will be granted.

**I**
**Background and Procedural History**

On January 21, 2014, Elton Harper appeared before Washington County Circuit Court Judge Ashley Hines on charges of "att. murder/armed robbery/conspiracy." Doc. #8-3. Judge Hines appointed the Washington County Public Defender to represent Harper. *Id.* Harper appeared before Judge Hines again on July 20, 2014, on a felony escape charge. Doc. #8-5. A multicount, multidefendant indictment filed almost eleven months later on December 18, 2014, charged Harper with (1) conspiracy to commit armed robbery, (2) armed robbery, and (3) attempted murder for events occurring "on or about January 3, 2014." Doc. #8-2. Six months later, on June 18, 2015, Harper was indicted on the escape charge. Doc. #9-2 at PageID 370.

Harper, through his counsel, filed two separate petitions to enter guilty pleas on July 20, 2015. Docs. #8-5, #8-6. In return for his guilty plea on the armed robbery and attempted murder

charges, the State agreed to dismiss the conspiracy count. Doc. #9-1 at PageID 329–30. The same day, Harper was sentenced to serve "twenty years in the custody of the Mississippi Department of Corrections [("MDOC")], followed by five years Post-Release Supervision" on the armed robbery conviction. Doc. #8-7. He received an identical sentence on the attempted murder conviction, "all … to be concurrent." *Id.*; Doc. #9-1 at PageID 339. With respect to his guilty plea to the escape charge, he was sentenced to serve three years in the custody of MDOC, with such sentence to "run concurrent to all time to be served" on the armed robbery and attempted murder convictions. Doc. #8-8.

On February 6, 2017, Harper filed in the circuit court a "Motion for Judicial Review Challenging Imposition of Guilty Plea & Sentencing Seek Relief to Vacate Sentence & Reverse Error & Remand for Review." Doc. #9-3 at PageID 412. In a March 30, 2017, order, the circuit court construed the motion as one for post-conviction collateral relief asserting claims that Harper's "sentence for the crime of Armed Robbery … is incorrect, … he was sentenced twice for the same crimes, and … his pleas should be vacated because his attorney erroneously told him that he would be eligible for parole and ERS time." Doc. #9-3 at PageID 424. The circuit court found Harper was not entitled to relief but allowed him "sixty days to supplement the record with evidence, other than his own statements, regarding" whether he was misinformed about his potential parole eligibility before entering his guilty pleas. *Id.* at PageID 426–27. In response, Harper refiled on May 8, 2017, his initial motion, along with his MDOC time sheet and MDOC correspondence; and on June 16, 2017, filed a letter to the circuit court again with his MDOC time sheet and MDOC correspondence. *Id.* at PageID 428–54. On September 26, 2017, the circuit court denied Harper's motion because he "failed to provide any additional evidence" as ordered. *Id.* at PageID 455.

Harper filed in the circuit court on September 18, 2020, a "Motion for the Court to Recommend Petitioner for Parole." Doc. #9-1 at PageID 344–47. The circuit court denied the motion eleven days later because Harper did "not meet the requirements of Miss. Code Ann. § 47-7-3(1)(g)(iii) and [was] not eligible for Court authorization pursuant to the statute." *Id.* at PageID 348.

On or about January 28, 2022, Harper filed a pro se petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi. Doc. #1. His petition challenges his armed robbery and attempted murder convictions and raises only one ground for relief—"Due process clause." *Id.* at 5. United States Magistrate Judge David A. Sanders ordered the State to respond to petition "[n]o later than April 18, 2022." Doc. #4.

On or about February 9, 2022, Harper filed what the Court deems a supplement or amendment to his habeas petition (though the filing is titled, "Prisoner's Complaint Challenging Conditions of Confinement" using the Court's standard form), asserting the same due process claim in his petition and adding an "illegal sentence/double jeopardy" claim. Doc. #6. The State moved to dismiss the petition on April 18, 2022. Doc. #8. Harper filed a traverse, Doc. #10, and the State filed a reply, Doc. #11. On September 16, 2022, the State filed a supplement to its motion to dismiss to address the applicability of the Fifth Circuit's decision in *Wallace v. Mississippi*, 43 F.4th 482 (5th Cir. 2022). Doc. #12.

**II**
**Discussion**

The State argues that Harper's petition "is untimely filed under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) and should be dismissed with prejudice" and, alternatively, his "claims are procedurally defaulted" as well as unexhausted; "specific claims fail to state a claim upon which federal habeas relief can be granted or are meritless;" and "to the extent

3

[he] challenges issues that do not affect the fact or duration of his confinement, challenges the conditions of his confinement, or seeks monetary relief, any such claims are more properly brought under 42 U.S.C. § 1983." Doc. #8 at 2.

The AEDPA "requires state prisoners to file for federal habeas relief within a year of their conviction becoming final. … That limitations period is statutorily tolled during the pendency of a properly filed application for State post-conviction or other collateral review." *Jones v. Lumpkin*, 22 F.4th 486, 489 (5th Cir. 2022) (cleaned up). "[I]n limited circumstances, a court may equitably toll the limitations period." *Id.* Such "equitable tolling is warranted in only rare and exceptional circumstances … where the petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 490 (internal quotation marks omitted).

Harper entered his guilty pleas on July 20, 2017, and was sentenced the same day. *See* Doc. #9-1 at PageID 338–40. Because in Mississippi a defendant who enters a guilty plea is not entitled to a direct appeal,[1] under current Fifth Circuit precedent, Harper's convictions became final ninety days later on November 2, 2015. *See Wallace v. Mississippi*, 43 F.4th 482, 500 (5th Cir. 2022) (defendant's Mississippi conviction became final for AEDPA purposes ninety days after his guilty plea and sentencing). His federal petition then was due to be filed by November 2, 2016, well before his petition here was filed. And Harper's "state habeas application[s] did not toll the limitation period under § 2244(d)(2) because [they were] not filed until *after* the period of limitation had expired." *Torres v. Lumpkin*, No. 20-20819, 2021 WL 6101505, at *1 (5th Cir. Oct. 6, 2021) (quoting *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)). Consequently, for Harper's petition to be deemed timely, he must show equitable tolling applies.

---

[1] Miss. Code Ann. § 99-35-101.

4

Harper has not meet his burden of showing "rare and exceptional circumstances"[2] to justify equitable tolling. In his petition, Harper asserts that he "did not no [sic] how to do legal work" and is "a very sick man." Doc. #1 at 13. However, "the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations." *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). And Harper failed to submit any evidence to support his conclusory allegation that he is "a very sick man" or to present any argument why such prevented him from timely filing his federal habeas petition. *See Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) ("Absent evidence in the record, [courts] will not consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").

In short, because Harper failed to file his petition within the limitations period and is not entitled to statutory or equitable tolling, his habeas petition is properly dismissed as untimely.[3]

### III
### Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Cases in the United States District Courts requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds,

---

[2] *Jones*, 22 F.4th at 490.

[3] Having found dismissal proper due to untimeliness, the Court declines to address the State's remaining arguments.

a movant must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

IV
**Conclusion**

The State's motion to dismiss [8] is **GRANTED**. Harper's petition for a writ of habeas corpus [1] is **DISMISSED with prejudice**. A certificate of appealability is **DENIED**. A separate judgment will be issued.

**SO ORDERED**, this 29th day of November, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**